# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: 06-CR-35 |
| MOHAMMED NEMOUCHE | USM Number: 50136-056 |
| | Donald J. Chewning <br> Defendant's Attorney |
| | Timothy W. Funnell <br> Assistant United States Attorney |

THE DEFENDANT pleaded guilty to count one of the indictment.

**The defendant is adjudicated guilty of these offense(s):**

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1343 and 1349 | Conspiracy to commit wire fraud. | November, 2005 | 1 |

The defendant is sentenced as provided in Pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count two is dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Judgment
September 14, 2006

s/ William C. Griesbach, U.S. District Judge
Signature of Judicial Officer

September 20, 2006
Date

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of fifty-one (51) months as to count one of the indictment.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district
- ☐ at _____ a.m./p.m. on _____.
- ☐ as notified by the United States Marshal.
- ☐ as notified by the Probation or Pretrial Services Office.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
- ☐ before _____ a.m./p.m. on _____.
- ☐ as notified by the United States Marshal.
- ☐ as notified by the Probation or Pretrial Services Office.

**RETURN**

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By: _____
Deputy United States Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of two (2) years as to count one of the indictment.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☒ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer.
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.
- ☐ The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without permission of the court or probation officer;
2. the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**ADDITIONAL SUPERVISED RELEASE TERMS**

1. The defendant is to cooperate with the Bureau of Immigration and Customs Enforcement at the direction of the supervising probation officer
2. The defendant is to pay any balance of the restitution at a rate of not less than $100.00 per month. The defendant will also apply 100 percent of his or her yearly federal and state tax refunds toward payment of the restitution. The defendant shall not change exemptions without prior notice of the supervising probation officer.
3. The defendant shall cooperate in the collection of DNA under the guidance and supervision of the supervising probation officer.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the attached page.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $100.00 | $ | $1,588,929.49 |

☐ The determination of restitution is deferred until ___. An *Amended Judgement in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If a defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **\*\*Total Loss** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Discover Financial Services<br>Attn: Restitution Clerk<br>P.O. Box 15048<br>Wilmington, DE 19850 | | $1,577,972.57 | |
| U.S. Bank<br>Attn: U.S. Bank Restitution<br>P.O. Box 6355<br>Fargo, ND 58125-6355 | | $10,956.92 | |
| **Totals:** | $ | $1,588,929.49 | |

☐ Restitution amount ordered pursuant to plea agreement: $_____.

☐ The defendant must pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

　　☒　the interest requirement is waived for the　☐ fine　☒ restitution.

　　☐　the interest requirement for the　☐ fine ☐ restitution, is modified as follows:

\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $_____ due immediately, balance due
  ☐ not later than _____, or
  ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☒ Payment to begin immediately (may be combined with ☐ C, ☒ D, ☐ E, or ☒ F below; or

C ☐ Payment in equal monthly installments of $___ until paid in full, to commence 30 days after the date of this judgment; or

D ☒ Payment in equal monthly installments of $100.00 until paid in full, to commence 30 days after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within 30 days after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties: The defendant is to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several
Defendant and Co-Defendant Names, Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate: Mohammed Nemouche (06-CR-35-2) and co-defendants Mouhsen Lassila (06-CR-35-1), Youness Attobi (06-CR-35-4), Shaher Ramadan Mahmoud (06-CR-35-5), and Abderrahim Tahri (06-CR-35-3) total amount $1,588,929.49, joint and several amount $1,588,929.49.

☐ The defendant shall pay the cost of prosecution

☐ The defendant shall pay the following court costs

**SCHEDULE OF PAYMENTS, continued**

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

1) Approximately $1,810.00 in United States currency seized on or about August 17, 2005, from defendants Mahmoud and Attobi and a rented vehicle;
2) Miscellaneous items of electronic equipment seized on or about August 17, 2005, from defendants Mahmoud and Attobi and a rented vehicle, which items are more particularly described as follows:
    a) Two (2) Toshiba Satellite M45-S2652 Laptop Computers
    b) One (1) Toshiba Satellite A55-S106 Laptop Computer;
    c) Three (3) Sony PSP-1001K Value Packs;
    d) Fourteen (14) Apple I-Pods, 4 gb;
    e) Three (3) Creative Zen Micro MP3 Players;
    f) One (1) Sony Cyber-Shot DSC-H1 Digital Camera;
    g) Two (2) Motorola RAZR V3 Cellular Telephones;
    h) Two (2) Apple I-Pods, 20 gb;
    i) One (1) PSP Game "ATV";
    j) One (1) PSP Game "FIFA Soccer"; and
    k) One (1) PSP Game "Midnight Club";
3) Miscellaneous items of electronic equipment seized on or about November 7, 2005, from defendants Tahri, Lassila, Nemouche and Mahmoud, and their respective hotel rooms, and a rented vehicle, which items are more particularly described as follows:
    a) Four (4) Toshiba Satellite A55-S106 Laptop Computers;
    b) One (1) Toshiba Satellite M45-S2652 Laptop Computer;
    c) One (1) Toshiba Satellite M45-S2692 Laptop Computer;
    d) Eight (8) Sony Playstation2 PS2 Units;
    e) Three (3) Canon EOS Rebel XT Kits;
    f) One (1) Motorola RAZR V3 Cellular Telephone;
    g) Four (4) Nintendo DS Units;
    h) Eight (8) GameBoy Advance SPs;
    i) Two (2) Apple I-Pods, 30 gb;
    j) Two (2) Sony PSP-1001K Value Packs;
    k) One (1) Sony Cyber-Shot Digital Camera; and
    l) A Sony VGN-FS620/W Personal Computer with serial number S01-4903928-L;
4) Approximately thirty-four (34) Wal-Mart gift cards seized on or about November 7, 2005, from defendants Tahri, Lassila, Nemouche and Mahmoud, and their respective hotel rooms, and a rented vehicle;
5) Numerous Wal-Mart/AT&T pre-paid telephone cards seized on or about November 7, 2005, from defendants Tahri, Lassila, Nemouche and Mahmoud, and their respective hotel rooms, and a rented vehicle;
6) Approximately $1,416.00 in United States currency seized on or about November 7, 2005, from defendants Tahri, Lassila, Nemouche and Mahmoud, and their respective hotel rooms, and a rented vehicle; and
7) Approximately eight Fast Card/Go-Phone pre-paid telephone cards seized on or about November 7, 2005, from defendants Tahri, Lassila, Nemouche and Mahmoud, and their respective hotel rooms, and a rented vehicle.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs. Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.